**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO.  05-153** |
| **EUGENE HUTCHINSON** | **SECTION:  I** |

<u>ORDER AND REASONS</u>

The matter before the Court is the petition of defendant, Eugene Hutchinson, to vacate his sentence pursuant to 28 U.S.C. § 2255, which he filed on September 22, 2006.  After conducting an evidentiary hearing on this matter, for the reasons that follow, defendant's petition is **DISMISSED WITH PREJUDICE.**

*Background*

On July 27, 2005, defendant pled guilty to Counts 1 and 2 of an indictment[1] which charged him with distribution and possession with intent to distribute cocaine base.[2]  Defendant signed a plea agreement which expressly waived his right "to appeal his sentence on any ground ... and further agree[d] not to contest his sentence in any post-conviction proceeding, including ... a proceeding under Title 28, United States Code, Section 2255."[3]  On November 14,

---

[1]Rec. Doc. No. 20.

[2]Rec. Doc. No. 1.

[3]Rec. Doc. No. 21, p. 2.

2005, defendant was sentenced to 190 months imprisonment.[4] Defendant was represented by attorney Marion Floyd at his rearraignment and sentencing.

On September 22, 2006, defendant filed the present petition to vacate his sentence pursuant to 28 U.S.C. § 2255. On February 28, 2007, the Court entered an order dismissing defendant's pending Section 2255 petition on all grounds except ineffective assistance of counsel for failure to appeal, and appointed a new lawyer to represent him on this remaining claim.[5] On June 14, 2007, the Court held an evidentiary hearing in order to determine the appropriate resolution of that claim.[6]

In his Section 2255 petition, defendant alleges that, following his sentencing, he requested that counsel appeal his sentence and conviction, but no action regarding an appeal was taken.[7] However, at the June 14, 2007, evidentiary hearing, defendant stated that he did not ask his attorney to file an appeal on his behalf. Instead, defendant testified that he thought his attorney would appeal because Floyd allegedly told defendant that

---

[4]Rec. Doc. No. 27.

[5]Rec. Doc. No. 40.

[6]Rec. Doc. No. 44.

[7] Rec. Doc. 28, pp. 3, 6, 8. In response to one explanatory question in his Section 2255 petition, defendant also alleged, "Counsel misinformed defendant by stating he would appeal but no action was taken." *Id.* at p. 5.

he would file an appeal while they were standing at the courtroom podium after he was sentenced.  Defendant further testified that Floyd never later informed him that he would *not* file an appeal. Defendant's only explanation for the contradiction between his Section 2255 petition, in which he stated that he asked Floyd to file an appeal, and his evidentiary hearing testimony, was that somebody else helped him prepare his petition.

At the evidentiary hearing, Floyd testified that at no point did defendant ask him to file an appeal on his behalf.  He further testified that he never told defendant that he would file an appeal.  Floyd stated that, prior to sentencing, he and defendant discussed the possibility of appealing the sentence if it was outside the guideline range, but that the sentence imposed was within the guideline range.  Floyd stated that defendant did not tell him that the sentence was excessive or to file an appeal. Floyd also testified that he did not find or discern any non-frivolous grounds for appeal.

To the extent that defendant's testimony contradicts that of Floyd, this court finds that defendant lacks credibility, and it finds the facts to be those as stated by Floyd.  Defendant's inconsistent statements regarding his requests for an appeal and Floyd's alleged promise to appeal undermine defendant's credibility.  Defendant has not proffered a credible explanation

-3-

for the contradictory statements in his sworn Section 2255 petition[8] and his testimony in the evidentiary hearing, casting his credibility into doubt. Overall, defendant's testimony and demeanor at the evidentiary further undermined his credibility and this Court has concluded that defendant is in search of any storyline that will afford him a proverbial "second bite" at the sentencing apple. By contrast, Floyd's testimony leaves the Court with no doubt that he understood his obligation as appointed counsel to proceed with an appeal had the defendant so requested or had it been warranted under the circumstances. The Court specifically finds that defendant never requested or expressed an interest in appealing his sentence or conviction, and that Floyd never indicated to defendant that he would file an appeal.

## *Law and Analysis*

## I. Ineffective Assistance of Counsel

In a Section 2255 proceeding, the burden of proof is on the movant by a preponderance of the evidence. *Galvan-Palomino v. U.S.*, No. 05-1047, 2007 WL 596578, at *1 (W.D. Tex. Feb. 20, 2007) (citing *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S. Ct. 1019, 82 L. Ed. 2d 1461 (1938)). As stated, the remaining issue in defendant's

---

[8]At the evidentiary hearing, defendant admitted that he signed the post-conviction petition under penalty of perjury.

-4-

Section 2255 petition is whether his counsel was ineffective for failing to file an appeal.

The Supreme Court held in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), that criminal defendants have a Sixth Amendment right to "reasonably effective" assistance of counsel. *Id.* at 687, 104 S. Ct. at 2064. The court established a two-prong test, in which a defendant who claims ineffective assistance of counsel must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Id.* at 688, 697, 104 S. Ct. at 2064, 2069.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 1034, 145 L. Ed. 2d 985 (2000), the Supreme Court held that the *Strickland* test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *Flores-Ortega* essentially established three categories for determining whether counsel's failure to appeal meets *Strickland's* objectively unreasonable prong.

First, *Flores-Ortega* states that an attorney who disregards specific instructions from a defendant to file a notice of appeal acts in a professionally unreasonable manner. *Id.* at 477, 120 S. Ct. at 1035. Second, by contrast, a defendant who expressly tells

-5-

his attorney *not* to file an appeal cannot later claim that counsel performed deficiently, if counsel has acted in accordance with the defendant's wishes. *Id.*

The difficulty arises in the third category, namely those situations in which a defendant has not clearly expressed whether he desires to appeal.  For this third category, *Flores-Ortega* established a further test to determine whether counsel was deficient in not filing a notice of appeal. *Id.* at 480, 120 S. Ct. at 1036. Under the test, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal,... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* In making this determination, the Court must consider all information that counsel knew or should have known.  If counsel fails to consult defendant about filing an appeal where this duty is imposed, counsel's performance is deficient and the first prong of *Strickland* is satisfied.  *See id.*

When a defendant has entered into a guilty plea, this both reduces the scope of appealable issues and it may indicate that the defendant seeks an end to judicial proceedings.  Yet, even in cases where a defendant pleads guilty, *Flores-Ortega* dictates that the court consider factors such as whether the defendant received the

sentence bargained for under the plea, and whether the plea reserved or waived some or all appeal rights. *Id.* *Flores-Ortega* also suggests that when a sentencing court gives instructions to a defendant about his appellate rights, if such instructions are sufficiently clear and informative as to "substitute for counsel's duty to consult," counsel could reasonably choose not to repeat the information to the defendant. *Id.* at 479-80, 120 S. Ct. at 1036.

In *U.S. v. Tapp*, the Fifth Circuit held that the rule of *Flores-Ortega* applies even when a defendant has waived his right to direct appeal and collateral review.   No. 05-30222, 2007 WL 1839277, at *2 (5th Cir. 2007).   Under *Tapp*, even though defendant's plea agreement here contained a waiver of the right to appeal his sentence, he may still bring an ineffective assistance claim for failure to appeal his sentence,[9] and this Court must analyze such a claim pursuant to *Flores-Ortega*.[10]

Neither the testimony of defendant nor Floyd establishes that defendant ever requested or even intimated a desire for counsel to

_____

[9]*Tapp*, issued on June 28, 2007, therefore invalidates this Court's statement in its February 28, 2007, Order, which indicated that defendant could only proceed with his ineffective assistance of counsel claim for failure to appeal his *conviction*.  While defendant stated at the evidentiary hearing that he only wishes to challenge the failure to appeal his sentence, the *Flores-Ortega* analysis here also applies to counsel's failure to appeal defendant's conviction.

[10]The Court notes that, in *Tapp*, petitioner apparently alleged that he requested that counsel file an appeal.  The logic in *Tapp* regarding waiver of appellate rights would appear to be equally applicable when a defendant satisfies the third category test of *Flores-Ortega*.

file an appeal.   Likewise, there was no indication defendant expressly ordered counsel not to appeal.   Accordingly, plaintiff's ineffective assistance claim must be analyzed pursuant to the third category of *Flores-Ortega*.   Under this category, Floyd was constitutionally required to discuss the possibility of appeal either if a rational defendant would want to appeal, for example because of the existence of non-frivolous grounds for appeal, or if defendant expressed a desire to appeal to Floyd.

Floyd testified that no non-frivolous grounds for appeal existed, and that the only circumstance under which an appeal was discussed was in the event of a sentence exceeding the guidelines. Since the sentence imposed was within the statutory guideline range, defendant received a sentence within the range of expectation.

In his plea agreement, defendant waived his right to appeal his sentence unless it exceeded the statutory maximum.[11]  The Court clearly outlined, at both the rearraignment and sentencing proceedings, defendant's remaining appeal rights, including rights regarding ineffective assistance of counsel or a sentence in excess of the statutory maximum, which defendant stated he understood.[12] Given Floyd's testimony, the factual basis and plea agreement, and

---

[11]Rec. Doc. No. 21, p. 2.

[12] Rec. Doc. 38, p. 12-13; Rec. Doc. 46, p. 7.

-8-

the sentence imposed by the Court, the Court concludes that there was no non-frivolous ground for appeal and that no rational defendant would want to appeal.[13]

Pursuant to the standards outlined in *Flores-Ortega*, the Court concludes that counsel's representation did not fall below an objective standard of reasonableness and defendant has failed to satisfy the first prong of the *Strickland* analysis.  Defendant's claim of ineffective assistance of counsel for failure to file an appeal must fail.[14]

## II. Effects of Medication

In the final page of defendant's post hearing memorandum, he asserts that he was on several different medications at the time of his plea, including Ridon, Condritan, Flexeril, and Ibuprofen, and that it is "possible [his] plea and waiver were not entirely

---

[13]Defendant also argues in his post hearing memorandum that Floyd was aware of defendant's desire to appeal based on defendant's dissatisfaction with the criminal history points calculated in the PSI.  Rec. Doc. No. 47, pp. 3-4.  Floyd's testimony does not support that allegation.

[14]*United States v. Acquaye*, 452 F.3d 380 (5th Cir. 2006), and *U.S. v. Cordero*, 18 F.3d 1248, 1253 (5th Cir. 1994), cited by defendant, are inapposite.  These cases discuss the *Anders* procedure, pursuant to which a defendant is entitled to a conscientious examination of his appellate case prior to counsel withdrawing from any appeal that counsel finds to be wholly frivolous.  *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  However, it is self-evident that counsel's duty to follow an *Anders* procedure is only required in the event that counsel has been appointed to file an appeal, but then seeks to withdraw because he finds that any appeal would be frivolous.  In this case, defendant never actually requested that trial counsel file an appeal, meritorious or otherwise, and Floyd was never appointed as appellate counsel.  Therefore, the *Anders* procedure, and *Acquaye* and *Cordero*, are inapplicable.

knowing and/or voluntary."[15]   To be competent to enter a guilty plea, a defendant must be able to "consult with his lawyer with a reasonable degree of rational understanding, and possess a rational as well as factual understanding of the proceedings against him." *Flugence v. Butler*, 848 F.2d 77, 79 (5th Cir. 1988) (citations omitted).

At the outset, the Court notes that defendant did not argue in his Section 2255 petition that he was incompetent at the time of his plea and, therefore, this issue is not properly before the Court.  Nevertheless, the Court notes that the record conclusively demonstrates that defendant was competent at the time of his plea and at sentencing.  At the evidentiary hearing, Floyd testified that he was aware that defendant had been prescribed certain medication, but that he did not notice any effects of the medication on defendant's ability to reason.  Floyd further testified that defendant was coherent, able to reason, and able to understand the nature of the charges and to discuss those charges with counsel.  Defendant also prepared an intelligent written statement to read at sentencing that he gave to Floyd.

The Court also inquired into defendant's competency at his plea, and with the knowledge that he was taking several

---

[15]Rec. Doc. No. 47, p. 5.

medications, found him competent to plead.[16]   The rearraignment and sentencing transcripts evidence defendant's "lucidity and competence" during those proceedings.[17]   *U.S. v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990).   In sum, the record reflects that defendant was able to intelligently consult with his lawyer and that he was competent to enter into his guilty plea and be sentenced.

For the above and foregoing reasons,

**IT IS ORDERED** that defendant's Section 2255 petition[18] is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, July ___24th___, 2007.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[16]Rec. Doc. No. 38, pp. 3-4.

[17]*See* Rec. Doc. Nos. 38, 46.

[18]Rec. Doc. No. 28.